## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JASON M. HALEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.**  4:13-cv-00716 |
| **v.** | § | |
| | § | |
| **SLEEP XPERTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | **JURY DEMANDED** |

## PLAINTIFF JASON M. HALEY'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Jason M. Haley, by and through his counsel, and brings this action against Defendant Sleep Xperts, Inc. for violations of (1) the Family & Medical Leave Act of 1993 (29 U.S.C. §§ 2601 et seq.), (2) the Americans With Disabilities Act and its amendments (42 U.S.C. §§ 12100 et seq.), and (3) Chapter 21 of the Texas Labor Code.  In support of such claims, Plaintiff Haley would show as follows:

### I. JURISDICTION AND VENUE

1.     This action arises under federal law through the Family & Medical Leave Act, 29 U.S.C. §§ 2601, as well as the Americans With Disabilities Act, 42 U.S.C. §§ 12100 et seq.

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1332 and 1337.

3.     Haley's claims under Chapter 21 of the Texas Labor Code are properly before this Court pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

4.     The Eastern District of Texas, Sherman Division, is the proper venue pursuant to 28 U.S.C. § 1391(b)(1), because Defendant Sleep Xperts, Inc. is headquartered in Denton County.

## II. PARTIES

5.      Plaintiff Jason M. Haley is a citizen of the United States and resides in Fort Worth, Tarrant County, Texas.

6.      Defendant Sleep Xperts, Inc. is a domestic for-profit corporation, with headquarters located at 2853 Eisenhower Street, Suite 400, Carrollton, Texas, which is located in the Denton County portion of the City of Carrollton.  Sleep Xperts, Inc. may be served with summons by serving its registered agent, Christopher Cook, at Eisenhower Distribution Center, Building I, 2853 Eisenhower Street, Suite 400, Carrollton, Texas 75007.  Sleep Xperts, Inc. does business under the trade name "Sleep Experts" and owns a chain of mattress retail stores in the Dallas-Fort Worth and Austin areas.

7.      Haley was at all relevant times an "employee" of Sleep Xperts, Inc. as defined by applicable statutes.  Haley worked for at least one year for Sleep Xperts, Inc. and for at least 1,250 hours in the year prior to his need to take FMLA leave in January 2013.

8.      Sleep Xperts, Inc. was at all relevant times an "employer" as defined by applicable statutes.  Sleep Xperts, Inc. is also a covered entity for purposes of the statutes under which these claims are brought.

9.      Sleep Xperts, Inc. employed at least 50 employees within a 75-mile radius of Haley's work location as of the date that he required the use of FMLA leave, in at least 20 work weeks in 2012 and/or 2013.

## III. CONDITIONS PRECEDENT

10.     On or about May 16, 2013, Haley filed a Charge of Discrimination with the Equal Employment Opportunity Commission field office in Dallas, Texas.  The charge was dual-filed

with the Texas Workforce Commission Civil Rights Division ("TWC-CRD").  Such filing was made within 180 days of the date of the unlawful termination.

11.     On September 5, 2013, the EEOC issued a Notice of Right to Sue.  That notice was received by Haley on or around September 6, 2013 and is attached to this complaint as Exhibit A.

12.     On October 16, 2013, the Texas Workforce Commission Civil Rights Division issued a Notice of Right to Sue.  That notice was received by Haley on or around October 17, 2013, and is attached to this complaint as Exhibit B.

13.     Haley is timely filing this Original Complaint by the 90th day following his receipt of the EEOC Notice of Right to Sue and by the 60th day following his receipt of the TWC-CRD Notice of Right to Sue.

## IV. STATEMENT OF FACTS

14.      Haley worked for Sleep Xperts, Inc. from December 9, 2010 to around January 9, 2013 as a sales representative and assistant store manager.

15.     Haley has previously been diagnosed with PTSD, Major Depression and Severe Anxiety Disorder. Sleep Xperts, Inc. had been made aware of this prior to the incident that led to his termination.

16.     In the early morning of January 9, 2013, Haley was experiencing a severe anxiety attack, which caused his blood pressure to rise to dangerous levels and caused an acute feeling of illness.   He was scheduled to begin work that day at 10:00 a.m., but recognized that he would be unable to work that day for health reasons.   Therefore, at approximately 7:50 a.m., and in compliance with the company's leave policy, Haley called his manager Wes to report his impending absence.  No one answered the call.  Haley then called Ron Berry, district manager,

but again there was no answer.  Haley then called the only other area manager for whom he had a phone number, Bo Morris.  Haley spoke with Morris, and told him that he had tried the other two individuals but could not reach them, and that he would not be coming into work that day due to health reasons.  Morris wished Haley well with the situation and approved him to be off work that day.  Haley intended to use the day off to see his primary care physician to determine if he needed an adjustment in his prescription medications, due to the symptoms he was experiencing that morning.

17.   However, at approximately 9:15 a.m., Morris texted Haley to tell him that Berry was upset.  Haley promptly called Berry, who began harassing Haley on the phone. Berry told Haley that he needed to come into work and that if he did not come in to work, he would lose his job and would not have a way to support his future wife (Haley was engaged to be married at the time).  Berry also said that he was tired of accommodating all of Haley's "problems," referring to Haley's medical problems.  Berry's tone was threatening and the conversation became contentious.

18.   At approximately 10:30 a.m., Haley received a text message from Wes, who stated that Haley must get to the store for his work shift and that Berry did not care what was going on with Haley.

19.   As Haley was already in a heightened state of anxiety that morning, these conversations sent his anxiety spiraling out of control.  Jason Hoffman, Haley's store manager who was on vacation at that time, spoke to Haley on the phone.  Due to Hoffman's concern that Haley might harm himself, Hoffman picked up Haley at around 1:30 p.m. that day and took him to the hospital.  The hospital had Haley transported to a psychiatric hospital, University Behavioral Health in Denton, that night, where he was kept until January 14, 2013.  At UBH-Denton, Haley

was diagnosed with Major Depressive Disorder recurrent/severe, suicidal ideations as well as hypertension.  During the first few days of his stay, Haley was heavily medicated to keep him and others safe.

20.     The night of January 9, Hoffman told Berry about Haley's hospitalization and why he was hospitalized. On the morning of January 10, Hoffman gave the same information to the company's human resources officer, Diane Pillar.  Therefore, the company knew that Haley had been admitted to the hospital for a serious medical condition that was tied to his disabilities.

21.     While still at the mental health treatment facility on January 14, Haley called Pillar, and told her that he was now returning to work. Pillar told Haley that he was considered to have quit his job back on January 9.  Haley had not quit his job nor had he wanted to. Therefore, Sleep Xperts, Inc. had terminated Haley.

### V. FIRST CAUSE OF ACTION –
### VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993

22.     By terminating Haley, Sleep Xperts, Inc. violated his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 et seq., and did so by interfering with Haley's right receive reinstatement to the same or a substantially similar position after his protected FMLA leave.  Haley's hospital stays from January 9, 2013 through January 14, 2013 were due to a serious health condition and constituted protected leave under the FMLA.

23.     Sleep Xperts, Inc. further violated Haley's FMLA rights by retaliating against Haley for needing to take FMLA leave.

24.     Sleep Xperts, Inc.'s violation of the FMLA justifies an award of damages, including back pay, liquidated damages, attorney fees, court costs, pre- and post-judgment interest, and any other relief to which Haley may be entitled, including the equitable relief of reinstatement or in lieu of reinstatement, front pay.

25.     The violation committed by Sleep Xperts, Inc. was willful.

## VI.  SECOND CAUSE OF ACTION -
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

26.     Pursuant to 42 U.S.C. § 12111(5)(A), Sleep Xperts, Inc. is a covered entity due to the fact that it has employed 15 or more employees for each working day in each of 20 or more calendar weeks in 2012 and/or 2013.

27.     In harassing and terminating Haley in whole or in part due to his disabilities, or perceived disabilities, Sleep Xperts, Inc. violated 42 U.S.C. § 12112(a), which states that no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

28.     As a direct and proximate result of Sleep Xperts, Inc.'s actions, Haley has sustained economic damages and has also endured compensatory damages in the form of future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

29.     Sleep Xperts, Inc. is further liable for punitive damages for engaging in intentional discrimination and has done so with malice or reckless indifference to Haley's federally protected rights.

30.     Haley is further entitled to the equitable relief of reinstatement, or in lieu of reinstatement, front pay.

31.     Haley is also entitled to attorney fees, expert witness fees and costs.

## VII.  THIRD CAUSE OF ACTION –
## VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE –
## DISABILITY DISCRIMINATION

32.     By harassing and terminating Haley in whole or in part due to his disabilities, Sleep Xperts, Inc. violated Chapter 21 of the Texas Labor Code, which makes it unlawful for an employer to hire or discharge any individual, or to otherwise discriminate against any individual, with respect to his or her compensation, terms, conditions or privileges of employment, because of an individual's disability.

33.     Haley claims economic damages as well as the equitable relief of reinstatement or in lieu of reinstatement, front pay.

34.     Haley claims compensatory damages for emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

35.     Haley claims exemplary damages.

36.     Haley claims a reasonable attorney's fee, expert fees and court costs.

## VIII.  REQUEST FOR JURY TRIAL

37.     Haley requests a trial by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jason M. Haley requests that the Court:

1.      Assume jurisdiction of this cause and that Defendant be cited to appear;

2.      Award damages to Plaintiff as specified above, including exemplary damages;

3.      Award liquidated damages under the Family & Medical Leave Act;

4.      Award equitable relief of reinstatement, or in lieu of reinstatement, front pay;

5.      Award reasonable attorney fees, expert fees and costs, as provided by law;

6.      Award Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

7.    Award any such other relief allowed by law and as the Court may find proper.

Respectfully submitted,

*Kerry O'Brien*

KERRY V. O'BRIEN
Texas Bar No. 24038469
Counsel for Jason M. Haley

O'BRIEN LAW FIRM PC
1011 Westlake Drive
Austin, Texas 78746
ko@obrienlawpc.com
ph (512) 410-1960
fax (512) 410-6171

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**   **EXHIBIT A**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Jason Haley<br>7619 Kern Lane<br>Fort Worth, TX 76137 | From:  Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
| ☐  *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | *Received 9/7/13 EMD* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2013-01659 | SANDRA J. HARVEY,<br>Investigator | (214) 253-2811 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Janet V. Elizondo,
District Director

9/5/13
*(Date Mailed)*

cc:
| | |
|---|---|
| Thelma Villena<br>Human Resources<br>SLEEP EXPERTS<br>2853 Eisenhower Street Suite 400<br>Carrollton, TX 75007 | Kerry O'Brien<br>LAW OFFICE OF O'BRIEN<br>1011 Westlake Drive<br>Austin, TX 78746 |

Enclosure with EEOC

**EXHIBIT B**

101 East 15th Street, Room 144T
Austin, TX 78778-0001
www.twc.state.tx.us



(512) 463-2642  Main
(512) 463-2643  Fax
(888) 452-4778 Toll Free

**Texas Workforce Commission**
**Civil Rights Division**

10/16/2013

*Received*
*by KVO*
*Thurs. 10/17/13*

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

*Jason M. Haley*
c/o Kerry O'Brien
O'BRIEN LAW FIRM
1011 Westlake Drive
Austin, TX 78746

Re:   *Jason M. Haley v. SLEEP EXPERTS*
      EEOC Complaint # 450-2013-01659
      CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Lowell A. Keig
Division Director

**RETAIN ENVELOPE TO VERIFY DATE RECEIVED**

Copy to:

SLEEP EXPERTS
Thelma Villena
Human Resources
2853 Eisenhower Street, Suite 400
Carrollton, TX 75007

CERT-C-NCO2(6/92)

*"The Texas Workforce Commission Civil Rights Division is an Equal Opportunity Employer"*